**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4024

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURTIS B. CULBERTSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:20-cr-00097-RGD-RJK-1)

Submitted:  September 19, 2022                    Decided:  October 14, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Megan M. Montoya, Assistant United States Attorney, Newport News, Virginia, Elizabeth M. Yusi, Assistant United States Attorney, Norfolk, Virginia, OFFICE OF THE UNITED STATES ATTORNEY, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis B. Culbertson ("Appellant") challenges his convictions for attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 1) and accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 2). He argues that the district court erroneously permitted the United States (the "Government") to introduce evidence of his prior conviction for receipt of child pornography and that without that prior conviction, there was insufficient evidence to convict him of either offense in this case. We affirm.

We review the district court's admission of evidence, over a defendant's objection, about a defendant's prior convictions for abuse of discretion. *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020). The district court did not abuse its discretion by admitting the evidence of Appellant's prior conviction for receipt of child pornography. First, Federal Rule of Evidence 414(a) authorized the district court to do so because both the prior conviction and the offenses charged in this case qualify as "child molestation" as that term is defined in Rule 414(d). Second, the district court properly conducted a Federal Rule of Evidence 403 balancing inquiry using the factors we identified as relevant in *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007), and concluded that those factors weighed in favor of admissibility. At trial, the Government demonstrated that as soon as Appellant was released from prison on the prior conviction, he promptly engaged in the same conduct again at his earliest opportunity. The fact that evidence of Appellant's prior conviction for receipt of child pornography is "prejudicial for the same reason it is probative" in that it "tends to prove [his] propensity to molest young children" does not

2

render the prior conviction "*unfairly* prejudicial" such that it should be excluded pursuant to Rule 403. *Kelly*, 510 F.3d at 438 (emphasis in original). The prejudice to Appellant caused by the introduction of the evidence about his prior conviction was further minimized by the Government's use of only the criminal judgment, without any particular facts, to prove the existence of the prior conviction, as well as the district court's limiting instruction to the jury that it was not to "conclude from this evidence that the defendant has bad character in general or that because the defendant may have committed other similar acts, that it's more likely that he committed the crimes with which he's currently charged." J.A. 599.[*]

"We review de novo a district court's decision to deny a motion for a judgment of acquittal based on sufficiency of the evidence." *United States v. Smith*, 21 F.4th 122, 139 (4th Cir. 2021). When assessing "a challenge to the sufficiency of the evidence," we "view[] the evidence in the light most favorable to the prosecution and decide[] whether substantial evidence -- that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt -- supports the verdict." *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019). "[T]his standard presents a 'heavy burden'" for a defendant to overcome. *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020). Appellant has not met that burden in this case. He argues that an unknown number of individuals had access to the desktop computer on which the images of child pornography were discovered. However, the forensic examiner

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

who evaluated the desktop computer after it was seized testified that the child pornography was at first accessed using a password-protected account to which many people knew the password, but all activity ceased on that account once Appellant's account was created, and thereafter the searches for child pornography were associated with Appellant's password-protected account. Appellant also argues that he could not have been using the desktop computer after business hours, when most of the searches for child pornography took place, because he was living at a halfway house with a strict evening curfew. But the manager of the business where Appellant worked testified that Appellant moved into a back room at the office where the desktop computer was located in June 2017, the same month Appellant began working there and the same month the child pornography was first accessed. Lastly, Appellant argues that there was no evidence specific to him found on the desktop computer to prove that he accessed child pornography. While it is true that the forensic examiner was unable to connect the images themselves to a specific user because they had been found in "unallocated disk space" -- that is, the area of the computer where items go after they have been deleted but before that disk space has been written over by newer files -- the forensic examiner did testify that searches for and downloads of child pornography were connected to Appellant's account on the desktop computer. More importantly, an individual who lived with Appellant at the office testified that he personally observed Appellant using the desktop computer to view child pornography. In short, the evidence adduced at trial was more than sufficient to convict Appellant on both Count 1 and Count 2.

4

For the foregoing reasons, we affirm Appellant's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*